UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22644-CIV-GOLD/McALILEY

CLIFFORD MONCRIEFFE and GLORIA )
MONCRIEFFE, his wife, )
                                                   )
     Plaintiffs, )
                                                   )
v. )
                                                 )
CLARK EQUIPMENT COMPANY, a )
foreign corporation d/b/a MELROE )
COMPANY, )
                                                 )
     Defendants. )
                                               )
                                               )

**DEFENDANT, CLARK EQUIPMENT COMPANY D/B/A MELROE COMPANY'S MOTION IN LIMINE AND MEMORANDUM REGARDING ISO 3471 AND ISO 12117**

       Defendant CLARK EQUIPMENT COMPANY d/b/a MELROE COMPANY (hereinafter referred to as "CLARK"), by and through its undersigned attorneys, files this, Motion in Limine and Memorandum to exclude reference to, discussion of, or questioning concerning a standard known as "ISO 3471, Earth-Moving Machinery-Roll Over Protective Structures - Laboratory Test and Performance Requirements" or "ISO 12117, Earth-Moving Machinery-Tip-Over Protection Structure (TOPS) for Compact Excavators - Laboratory Tests and Performance Requirements" as any reference to ISO 3471 or ISO 12117 by any witness or the introduction of the standard itself, would be irrelevant not probative and would unduly and unfairly prejudice Defendant CLARK.

## STATEMENT OF FACTS

This action arises out of Plaintiff, Clifford Moncrieffe's operation of a Bobcat Model 320 Compact Excavator ("Bobcat 320") on December 18, 2002. According to the evidence adduced thus far, at that time, Plaintiff attempted to move the Bobcat 320 with the rotating cab in the locked position and with the boom, dipper and bucket all parallel with the tracks over a 6.5 inch high street curb. Plaintiff approached the curb with the Bobcat 320 at a 90 degree angle. In the process, he first sopped the Bobcat 320 on top of the 6.5 inch curb. With both hands on the travel controls, he then inched the compact excavator along the top of the curb, trying to balance the Bobcat 320, and lowered the front left and right tracks of the compact excavator onto the road. At that point, Plaintiff somehow tipped the Bobcat 20 over onto its left side, allegedly pinching his toes between the left front vertical upright of the Rollover Protective Structure ("ROPS") and the road. Plaintiffs allege that he was sitting in the operator's seat, wearing the seat belt, when he tipped the Bobcat 320 over.

## ISO 3471 - 1994

In 1994, the International Standards Organization ("ISO") promulgated an international standard known as "ISO 3471: Earth-Moving Machinery - Roll-Over Protective Structures - Laboratory Test and Performance Requirements effective in 1994". See Exhibit "A".

The ISO clearly articulated the machines to which ISO 3471 applied, but specifically listing those machines in the first section of ISO 3471:

> "1.   Scope
>
> This International Standard establishes a consistent and reproducible

2

>means of evaluating the load-carrying characteristics of Roll-Over Protective Structures (ROPS) under static loading, and prescribes performance requirements for a representative specimen under such loading.
>
>It applies to the following seated design operator-controlled machines as defined in ISO 6165:
>
>- crawler tractors and loaders;
>
>- graders;
>
>- wheeled loaders and wheeled tractors and their modified versions used for rolling or compacting, dozer-equipped wheeled tractors, skid-steer loaders and <u>backhoe loaders</u>;
>- wheeled industrial tractors;
>
>- the tractor portion (prime mover), of tractor scrapers, water wagons, articulated steer dumpers, bottom-dump wagons, side-dump wagons, rear-dump wagons and towed fifth-wheel attachments;
>
>- rollers and compactors;
>
>- rigid frame dumpers.

(Emphasis Added)

Note that the ISO excluded "excavator" from the list of machines to which ISO 3471 applies. This standard is only for those operator-controlled machines as defined in ISO 6165.

In ISO 6165, attached as Exhibit "B", the ISO specifically distinguishes a <u>backhoe loader</u> from an excavator:

>**4.3**
>
>**backhoe loader**
>self-propelled crawler or wheeled machine having a main frame designed to <u>carry both front-mounted equipment and rear-mounted backhoe equipment</u>

3

<u>(normally with outriggers or stabilizers)</u>

NOTE 1   When used in the backhoe mode, the machine is stationary and normally digs below ground level.

NOTE 2   When used in the loader mode (bucket use), the machine loads through forward motion.

NOTE 3   A backhoe work cycle normally comprises excavating, elevating, swinging and discharging of material. A loader work cycle normally comprises filling, elevating, transporting and discharging of material.

**4.4**

**excavator**
self-propelled machine on crawlers, wheels or legs, having an upper structure capable of a 360° swing with mounted equipment and which is primarily designed for excavating with a bucket, without movement of the undercarriage during the work cycle

NOTE 1   An excavator work cycle normally comprises excavating, elevating, swinging and discharging of material.

NOTE 2   An excavator can also be used for object or material handling/transportation.

The Bobcat 320 compact excavator is in fact an excavator, and not a backhoe loader. Attached as Exhibit "C" is a pictorial of what is more commonly known as a backhoe loader or a front-end loader backhoe.

Attached as Exhibit "D" is a pictorial of the Bobcat 320 compact excavator involved in the subject accident. Clearly a Bobcat 320 compact excavator is not substantially similar to or the same as a backhoe loader as described in ISO 3471or ISO 6165.

## ISO 12117

The International Standards Organization ("ISO") promulgated an International Standard known as "ISO 12117: Earth-Moving Machinery-Tip Over Protection Structure (TOPS) for Compact Excavators-Laboratory Tests and Performance Requirements. See Exhibit "E". The ISO Standard, clearly articulates the scope of the standard for compact excavators as being:

> "1.   Scope
>
> This International Standard establishes a consistent and reproducible means of evaluating the load-carrying characteristics of tip-over protective structures (TOPS) under static loading, and prescribes performance requirements of a representative specimen under such loading.
>
> It applies to TOPS of compact excavators (as defined in ISO 6165) with swing type boom, having an operating mass of 1000 kg to 6000 kg."

ISO 12117, that deals with compact excavators, deals with energy absorption in the lateral direction or limitations on deflection under lateral loading (DLV) for the TOPS.

Ignoring ISO's unequivocal definitions, Plaintiffs' experts, Jeffrey Warren and Vaughn Adams opine that the ISO 3471 Standard and the ISO 12117 Standard were somehow violated by Defendant, CLARK, in its design, conception and manufacture of the Bobcat 320.

The scope of ISO 12117 is exactly what it said, that is was meant to:

> "Establish a consistent and reproducible means of evaluating the load carrying characteristics of Tip-Over Protective Structures (TOPS) under static loading."

To allow Plaintiffs' experts to testify that ISO 3471 applies to the subject Bobcat 320

would be error, unduly and unfairly prejudicial to the Defendant, CLARK.  Likewise, to expand the "scope" of ISO 12117 by Plaintiffs' experts also would be error, unduly and unfairly prejudicial to the Defendant, CLARK.

Ignoring ISO's unequivocal written definitions, Plaintiffs' experts Jeffrey Warren and Vaughn Adams, opined that  ISO 3471 applies to the subject Bobcat 320 compact excavator.  To allow Plaintiffs' experts to testify that  ISO 3471 applies to the subject Bobcat 320 compact excavator would be error, unduly and unfairly prejudicial to the Defendant, CLARK.

## ARGUMENT

Had ISO intended for ISO 3471 to apply to excavators, they would have simply stated that fact in the standard itself.  Plaintiffs' experts cannot somehow divine that, despite the explicit language to the contrary, ISO 3471 somehow applies to the Bobcat 320 compact excavator.

Courts do not allow the introduction of industry or other standards which are not applicable to the products at issue. For example, in *Ruffiner v. Material Service Corp.,* 116 Ill.2d 53, 506, N.E.2d 581 (1987), the Illinois Supreme Court found that the introduction of ANSI standards concerning "fixed ladders" was error when the product at issue was a retractable, moving ladder. In *Maccuish v. Volkswagenwerk,* 22 Mass. App. Ct. 380, 389, 494 N.E. 2d, 390, 396 (1986), a product liability action arising out of the design of a van, the appellate court held that a safety standard that applied only to buses "should not have been admitted".  Similarly, an ISO standard which does not apply to a compact excavator should not be admitted here.  Admission of ISO 3471 or ISO 12117, would allow exposing

6

the jury to irrelevant and confusing evidence, serving no purpose but to prejudice CLARK, in violation of Federal Rules of Evidence 401, 402 and 403.

## CONCLUSION

Defendant CLARK respectfully moves this Court to enter an Order prohibiting Plaintiffs from mentioning, referring to or using in any way, for any purpose, information or documents pertaining to ISO 3471 or to expand the scope of ISO 12117 beyond what is stated in the standard.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 12th day of May, 2008 to: Thomas A. Culmo, Esq., **Attorneys for Plaintiffs**, ALTERS, BOLDT, BROWN, RASH, CULMO, THE LAW FIRM, Miami Design District, 4141 N.E. Second Avenue, Suite 201, Miami, FL 33137; Email: tom@ABBRCLAW.com; and Kimberly L. Boldt, Esq., **Attorneys for Plaintiffs,** ALTERS, BOLDT, BROWN, RASH, CULMO, THE LAW FIRM, 21 S.E. Fifth Street, Suite 200, Boca Raton, FL, 33157; Email: kimberly@ABBRCLAW.com.

**LAW OFFICES OF JAMES S. USICH, P.A.**
*Attorney for Defendant, Clark Equipment Co.*
Palmetto Bay Village Center, Suite 429
18001 Old Cutler Road
Palmetto Bay, Florida 33157
Tel: (305) 251-0997
Fax: (305) 251-6311

BY:   /s/James S. Usich
         JAMES S. USICH, ESQ.

7

Florida Bar No. 132792